MANN & CAMPBELL, RECEIVERS, *v.* WALKER.

4-6287                    149 S. W. 2d 935

Opinion delivered April 7, 1941.

*Mann & McCulloch,* for appellants.

*F. F. Harrelson, F. C. Harrelson* and *Norton & Butler,* for appellee.

McHANEY, J. The late S. H. Mann and W. W. Campbell, were by the chancery court of St. Francis county, appointed receivers of the assets of the firm of Brandon & Baugh of Forrest City in the year 1926, and continued to act as such receivers until their discharge in 1937. Brandon & Baugh were the owners of an undivided one-half interest in about 900 acres of land in said county, and appellee was the owner of the other undivided one-half interest therein, he being in possession as tenant of the one-half interest of said firm. Brandon & Baugh were also the owners of the 40 acres of land here in controversy, being the southwest northwest 20, 4 north, 5 east, and being surrounded on the south and east by said 900-acre tract and on the north by land owned by Walker individually. The receivers continued to rent the one-half interest of Brandon & Baugh to appellee at $6 per acre and thought they were renting him also the 40-acre tract which had been rented by him prior to the receivership, although they never at any time collected any rent from him. Their interest in the 900-acre tract was sold by the receivers to a third party in 1933 and later appellee acquired that interest and became the sole owner thereof. The 40-acre tract was not sold and appellee continued in possession of it through the year 1936, without paying any rent, although there were 16 acres in cultivation by him and was worth an annual rental of $6 per acre or $96. It became delinquent for general taxes and for levee taxes for the years 1931, 1932, and 1933. In November, 1934, the receivers

paid the delinquent general taxes, but for some reason overlooked the delinquent levee taxes. At this time they discovered that the title to this tract was still in them as receivers and that appellee had been in possession thereof since their appointment and had paid no rent. They then, or shortly thereafter, began negotiations with him for the sale of this tract to him and continued same to May, 1937, just prior to their sale of said land to appellant, Collier.

On February 25, 1935, a decree was rendered, pursuant to a suit by the St. Francis Levee District, foreclosing the levee tax lien for the years 1931, 1932 and 1933. Between that date and the date of the commissioner's sale, December 7, 1935, someone paid the levee tax for 1932 and that year's tax was stricken, but on December 7, 1935, the land was sold to appellee for levee taxes of 1931 and 1933 in the total sum of $24.75. During all this time appellee was in possession and was negotiating with the receivers to purchase same. While he had paid rents for said tract to Brandon & Baugh, he had been in possession under the receivership and had paid no rents to them. He offered to buy same from the receivers, but would not offer more than $450, and failing to agree on the price, they sold same to Collier on May 22, 1937, for a consideration of $500, pursuant to the order and direction of the chancery court.

As stated above the land was sold to appellee at the foreclosure sale on December 7, 1935. The commissioner duly made his report of sale and it was approved and confirmed on December 21, 1935, but no deed was executed because of the two-year period of redemption allowed by statute. On December 18, 1937, eleven days after the period for redemption had expired, the receivers filed their petition to redeem, setting up the matters heretofore stated and other matters, and alleging that because thereof appellee is estopped to claim the land by reason of said sale and purchase, and they tendered a sum in excess of the $24.75 paid by him at such sale, in satisfaction of said amount with interest. Both Collier and appellee intervened in the action setting up their

respective claims. Trial resulted in a decree for appellee, in which the commissioner's deed dated December 18, 1937, to him was approved and confirmed; the petition of the receivers to redeem and the intervention of Collier were dismissed as being without equity; and a judgment was rendered against Collier for the rental value of the land, less the taxes paid by him, and his deed from the receivers was canceled. This appeal followed.

We think the court erred in so holding. It appears that the only material fact in dispute is as to the time and nature of the negotiations for the sale of this land by the receivers to appellee. Mr. Campbell testified in support of the petition for redemption which was filed by Mr. Mann. He said he discussed the sale of this tract with both appellee and the latter's son; that he and Mann discovered that this tract was a part of the estate of which they were receivers on November 28, 1934, the date they paid the state and county taxes thereon; that they then got in contact with appellee and told him they thought he would be the proper one to own the tract, since he owned the other land around it, and did not expect to sell it to anyone else if he wanted it, and he said he was interested and would let them know about the price; that he talked with appellee and his son on several occasions and that he was never able to get a definite offer until about a month before they sold to Collier, and that offer was $450; that they thought the offer insufficient and sold to Collier for $500; that during this time it was his understanding that a price would eventually be agreed upon and when the sale was made, there would be an adjustment between them and appellee as to any repairs made or taxes paid by him and the rent he might owe them; that he did not question about the rent as he thought the trade would be made and they would sell to appellee; and that they would not have let him remain in possession without paying rent unless they had thought the property would be sold to him.

Appellee denied that he ever had any direct negotiation with the receivers about the purchase of the tract,

but admitted that he did through his son, George P. Walker, Jr., who testified that he talked with Mr. Campbell on three different occasions in the fall of 1936 about the proposed sale to his father and that he reported to his father who said he would buy if the price was right, but would not pay $750, the price asked, and that he told Campbell his father said he would not pay more than $450. Appellee testified further that he rented this 40-acre tract from Brandon & Baugh until the receivership, paying them $6 per acre cash rent, and continued to operate it after the receivers were appointed but never discussed the matter of rent with the receivers and did not pay any rent to them. He never at any time told them he had bought the land at the levee tax sale. He frankly admitted that he knew he would be purchasing land that belonged to the receivers, which was already in his possession and had been since the receivers were appointed without paying any rent to anyone.

It appears to us that appellee has assumed a very untenable position—one without any vestige of justice or equity. For many years he has been a tenant of the receivers on this 40-acre tract, without any express contract of tenancy with them it is true, but one that is necessarily implied. He was a tenant of Brandon & Baugh and paid them $6 per acre until the receivership. Thereafter, he continued in possession and cultivated 16 acres of the tract, but because the receivers, not being as familiar with the land as Brandon & Baugh, apparently overlooked the fact that this small tract belonged to them, as receivers, they made no demand on him for rent. So, for many years, knowing that the receivers were ignorant of their rights, he remains in possession, cultivates the land, pays no rent, discovers they have failed to pay levee taxes, buys at the sale, offers to buy from them, says nothing and sits tight. In so doing, by his silence he perpetrated a constructive if not an actual fraud upon them. We think it was his duty to speak to them about the rent. He knew they were overlooking it. Failing in this, we think it was his duty to inform them, at least when he was negotiating with them to buy, that

he had bought at the levee tax sale. Having been in possession for about 10 years without paying any rent and without making disclosure of this fact and that he had so purchased, we think he is now estopped to assert the levee district title against the rightful owners.

The decree will be reversed and the cause will be remanded with directions to treat the purchase by appellee as a redemption from the levee tax sale, to cancel the levee district deed issued to him on the payment by appellants to appellee of the $24.75 with interest from December 7, 1935, and to quiet and confirm the title in appellant, Collier. It is so ordered.